In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-23-00219-CR
_____

IN RE JA'REN L. BATTLES

_____

Original Proceeding
Criminal District Court of Jefferson County, Texas
Trial Cause No. F23-0217
_____

**MEMORANDUM OPINION**

In a *pro se* petition for a writ of mandamus, Relator Ja'Ren L.
Battles asks this Court to compel the trial court to hold an examining
trial. *See* Tex. Code Crim. Proc. Ann. art. 16.01 ("The accused in any
felony case shall have the right to an examining trial before indictment
in the county having jurisdiction of the offense[.]"). Because Battles failed
to include an appendix to his petition containing the records required to

1

establish his petition has merit, he has not shown that an abuse of discretion occurred. Accordingly, the petition is denied.[1]

In a criminal case, to establish a right to mandamus relief a relator must show that no adequate remedy at law exists to redress the alleged harm and that he is seeking to compel a ministerial act, one that doesn't involve a discretionary or judicial decision. *See In re State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana,* 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). Even though Battles claims the trial court didn't provide him with an examining trial, he doesn't explain that he ever filed a motion with the trial court in which he raised that request. "If a party properly files a motion with the trial court in a criminal case, the court has a ministerial duty to rule on the motion within a reasonable time after the motion has been submitted to the court for a ruling or after the party has requested a ruling." *In re Gomez*, 602 S.W.3d 71, 73 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding).

---

[1]Relator failed to certify that he served a copy of the mandamus petition on the Respondent and the Real Party in Interest. *See* Tex. R. App. P. 9.5. Relying on Rule 2, however, we look past that deficiency to reach an expeditious result. *See id.* 2.

To prevail on a petition for mandamus, a relator must show that he filed a motion in the trial court requesting the relief addressed in the petition for mandamus. The relator must also show that he brought his motion to the trial court's attention for the purpose of having the trial court rule on his motion, and he must demonstrate the trial court failed to rule on his motion within a reasonable time. *Id.*

When filing a petition in the court of appeals, the appendix the relator must file with his petition is required to contain a sworn or certified copy of the trial court's order that serves as the basis of the relator's complaint, along with the other documents in the record that are relevant to the order the relator is complaining about in his petition. *See* Tex. R. App P. 52.3(k)(1). The petition must be accompanied by a certification, signed by the relator, which states the relator has reviewed the petition and every factual statement in the petition is supported by competent evidence in the appendix or the record. *See id.* 52.3(j). Battles' petition is not accompanied by an appendix or a certification that complies with Rule 52.3(k)(1).

Battles claims he has been detained in custody without an examining trial since he was arrested on March 18, 2023. Yet Battles fails to mention whether he has been indicted. The petition for mandamus is silent about whether Battles is represented by counsel in the trial court. Importantly and as already mentioned, Battles' petition doesn't show that he filed a motion in the trial court asking the trial court to conduct an examining trial. Instead, Battles only says that he's not had one.

In Battles' prayer, Battles cites section 132.001 of the Civil Practice and Remedies Code and declares the information in his petition "is true and correct." Even though section 132.001 allows Battles to file a petition using an unsworn declaration in lieu of an affidavit, Battles' unsworn declaration doesn't comply with section 132.001, as he didn't include his date of birth, and he also didn't include this statement: "I declare under penalty of perjury that the foregoing is true and correct." *See* Tex. Civ. Prac. & Rem. Code Ann. § 132.001(e).

For all these reasons, Battles' petition fails to establish that he is entitled to mandamus relief. Accordingly, we deny his petition seeking the writ. *See* Tex. R. App. P. 52.8(a).

PETITION DENIED.

PER CURIAM

Submitted on July 18, 2023
Opinion Delivered July 19, 2023
Do Not Publish

Before Golemon, C.J., Horton and Johnson, JJ.

5